# Cost of Living Allowances for Employees on Pay Retention

The Office of Personnel Management is required by its own regulations to base cost-of-living allowances for employees receiving retained pay on their higher retained rate of pay, rather than on the maximum rate of the grade.

March 24, 1989

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
OFFICE OF PERSONNEL MANAGEMENT

This is in response to your request of April 18, 1988, for the opinion of this office concerning cost-of-living allowance ("COLA") computations for certain employees who are on pay retention. For the reasons below, we agree with the conclusion reached by your Office that employees on pay retention are entitled to have their COLA computed on the basis of their higher retained rate of pay, rather than on the maximum pay rate of the grade of the position to which the employee was reduced.

We begin by observing that the provision of COLAs to certain eligible government employees is authorized by 5 U.S.C. § 5941. That statute provides, in relevant part:

> (a) Appropriations or funds available to an Executive agency ... for pay of employees stationed outside the continental United States or in Alaska whose rates of basic pay are fixed by statute, are available for allowances to these employees.

The purpose of the allowance is to compensate employees subject to high living costs and difficult environmental conditions. The allowance, however, "may not exceed 25 percent of the rate of basic pay." 5 U.S.C. § 5941. Responsibility for the actual manner of its calculation and payment is left to the President. "Except as otherwise specifically authorized by statute, the allowance is paid only in accordance with regulations prescribed by the President establishing the rates and defining the area, groups of positions, and classes of employees to which each rate applies." *Id.* The President has delegated his responsibility under this statute to the Office of Personnel Management ("OPM"). Exec. Order No. 10000, 3 C.F.R. 792 (1943-1948).

Pursuant to its authority, OPM has promulgated regulations, codified at 5 C.F.R. pt. 591, Subpart B, which provide for the award of COLAs. The most important provision is section 591.210, which states that "[t]he allowance and differential authorized for each location shall be converted to an hourly rate, *based on the employee's basic rate of pay*, and shall be paid only for those hours during which the employee receives basic pay" (emphasis added). Because agency rules and regulations that implement statutory discretion have the force of law, OPM must comply with its own regulations, or amend them. *See United States v. Mersky*, 361 U.S. 431, 438 (1960). Thus, OPM is legally required to calculate employee COLAs on the basis of their "basic rate of pay." It is plain that OPM's regulation is within the ambit of discretion provided by section 5941. Indeed, support for OPM's determination that COLAs should be based on an employee's rate of basic pay can be drawn from section 5941 itself, which sets the ceiling for COLAs in terms of basic pay.[1] Given the clear obligation to base COLAs on the employee's "basic rate of pay," we turn then to the determination of what the "basic rate of pay" is for an employee receiving retained pay under 5 U.S.C. § 5363.

We believe that OPM is required under its own regulations to calculate the COLAs for such employees in this manner because of the definition of basic rate of pay contained in OPM's regulations, which, as we discussed previously, OPM is obliged to obey. In 5 C.F.R. § 591.201(i) the phrase "rate of basic pay" is defined to mean "the rate of pay fixed by statute for the position held by an individual, before any deductions and exclusive of additional pay of any kind, such as overtime pay, night differential, extra pay for work on holidays, or allowances and differentials." Using this definition, we believe it is clear that the retained rate of pay received by eligible employees pursuant to 5 U.S.C. § 5363 is indeed the "rate of pay fixed by statute for the position held by (that employee)." 5 C.F.R. § 591.201(i). As a result, we are compelled to conclude that the retained rate of pay received by certain eligible employees constitutes their "basic rate of pay" for the purpose of calculating COLAs. Moreover, retained pay is not of the same nature as the types of additional pay excluded from the definition of "rate of basic pay." Unlike the "additional pay" described in section 591.201(i), which all have to do with the timing, locale or amount of work being performed in the current job, retained pay reflects the employee's past work experience, and does not in any way reflect the work being done in the current position. Therefore, we believe that OPM must, pursuant to section 591.210(a) and the definition of "rate of basic pay" found in section 591.201(i), compute eligible employees' COLAs on their higher retained pay rate.

---

[1] We need not address whether it would be appropriate under section 5941 to choose a base line other than the rate of basic pay by which to calculate COLAs.

Finally, 5 U.S.C. § 5363, the provision which defines the manner in which pay retention is calculated, makes clear this amount is a form of basic pay. This section provides in relevant part:

> (a) Any employee — [eligible for pay retention]
>
> ...
>
> *is entitled to basic pay* at a rate equal to (A) the employee's allowable former rate of basic pay, plus (B) 50 percent of the amount of each increase in the maximum rate of basic pay payable for the grade of the employee's position immediately after such reduction in pay if such allowable former rate exceeds such maximum rate for such grade.

(emphasis added). Thus, under this statute, the higher retained rate of pay received by certain eligible employees does constitute "basic pay."

In sum, we agree with the conclusion reached by the Office of General Counsel that OPM is obligated to compute the COLAs for employees receiving retained pay on their higher retained rate of pay, rather than on the maximum rate of the grade.[2] Whatever discretion section 5941 confers with respect to the awarding of COLAs, the regulations promulgated to implement that statute require that OPM compute COLAs "based on the employee's basic rate of pay." For employees receiving retained pay, their "basic pay" is their rate of retained pay.

JOHN O. McGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] We have reviewed the contrary opinions of the Comptroller General on this matter and find them unpersuasive In an unpublished opinion, B-175124, 1976 WL 10210 at *2 (C.G. June 2, 1976), which served as the basis for at least one later opinion, the Comptroller General found that COLAs must be "computed on basis of the rate of pay fixed by statute for the position held, rather than on basis of saved salary." The only justification offered for this result was that 5 C.F.R. § 591.202 authorized COLAs as a percent of the "rate of basic pay." While the regulations do provide that COLAs are to be calculated as a percent of "basic pay," the Comptroller General's opinion does not address the central question of whether an employee's retained rate of pay is in fact basic pay As we observed previously, however, the retained rate of pay provided by section 5363 is in fact the rate of basic pay fixed by statute for certain eligible employees A more recent opinion of the Comptroller General, which reaches the same result as the 1976 opinion, does little more than cite the earlier opinion to justify its conclusion that COLAs authorized by section 5941 are to be computed on the basic rate of pay for the grade, rather than on the employee's full retained pay rate. *See* B-206028, 1982 WL 27659 (C.G Dec 14, 1982) (unpublished). Because this opinion does not add to the analysis of the 1976 opinion, we believe it should be similarly disregarded as failing to analyze the central question: whether retained pay constitutes basic pay. Finally, we note that because the Comptroller General is an officer of the legislative branch, *Bowsher v. Synar*, 478 U S 714, 727-32 (1986), the executive branch is not bound by the Comptroller General's legal opinions.